UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL O. ALLI, ) | CASE NO. 4:05 CV 2381 |
| ) | |
| Petitioner, ) | JUDGE DAN AARON POLSTER |
| ) | |
| v. ) | |
| ) | |
| U.S. PAROLE COMMISSION, et al., ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| ) | |
| Respondents. ) | |

Pro se petitioner Michael Alli filed the above-captioned petition for writ of habeas corpus against respondents United States Parole Commission (USPC) and Warden T. R. Sniezek at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton) pursuant to 28 U.S.C. § 2241. Mr. Alli, who is currently incarcerated at F.C.I. Elkton, asserts that the USPC violated his right to due process during the course of his parole revocation proceedings. He seeks an order from this court vacating the Commission's findings.

*Background*

In 1986, Mr. Alli was indicted and later convicted of conspiracy to possess with intent to distribute heroin, as well as possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on September 23, 1987 in the United States

District Court for the Northern District of Illinois to twenty-two years in prison, followed by 3 year term of special parole. Mr. Alli was released from prison and paroled to the Probation Office for the United States District Court for the Eastern District of New York on April 5, 1995.

While residing in the District of New York, Mr. Alli was arrested on October 29, 1995 and charged with conspiracy to import heroin into the United States in violation of 21 U.S.C. §960. A detention hearing was held before U.S. Magistrate R. Mann on November 1, 1995, after which a permanent order of detention was issued pending an indictment.

In a letter to USPC's Regional Commissioner, dated November 3, 1995, the Chief Probation Officer for the United States District Court for the Eastern District of New York requested that a detainer warrant be lodged against Mr. Alli based on the commission of new criminal conduct. Although Mr. Alli states that the court sentenced him to 120 months in prison on September 30, 1995,[1] his prison term ended on July 12, 2004. Mr. Alli was then taken into custody by the USPC based on the execution of the detainer warrant that had previously been lodged.

A revocation hearing was held on November 15, 2004. The hearing examiner rated Mr. Alli's parole violation behavior as criminal conduct of Category Eight severity based on the fact that it involved possession with intent to distribute 6 kilograms or more of heroin (unknown purity). Considering further the fact that Mr. Alli had been confined as a result of his violation behavior since October 26, 2004, or 108 months, the Commission determined that the applicable guidelines dictated that a range of 150 + months should be served before his release.

---

[1] The year "1995" is an obvious typographical error, inasmuch as the date of sentencing would precede the date on which petitioner was arrested.

Having reviewed all relevant factors and information, the examiner determined that a departure from the guidelines was not warranted. The Commission ordered the revocation of Mr. Alli's parole and that no time spent on parole be credited to his sentence. The examiner further specified that Mr. Alli continue to a presumptive re-parole date of October 26, 2009, at which time he should be physically released to the custody of immigration authorities.

The USPC issued its Notice of Action (NOA) reflecting its findings on December 17, 2004. Proceeding pro se, Mr. Alli appealed the Commission's decision pursuant to 18 U.S.C. § 4215. The National Appeals Board examined the appeal and issued a Notice of Action on Appeal on March 22, 2005, affirming the decision reached by the Commission's hearing examiner.

*Analysis*

In his petition before this court, Mr. Alli reiterates the claims he raised on appeal, as follows:

a. The revocation proceeding was not conducted timely as required by law, thus precluding revocation of the petitioner's parole. He should have been ordered released since the commission relinquished jurisdiction of him by such inaction.

b. The presumptive reparole date exceeds the total allowable period of imprisonment, as such is improper.

c. The presumptive release date as determined does not account for the statutory good time (SGT) period.

d. The Guidelines were incorrectly applied.

(Pet. at 3.)  He argues that in Morrissey v. Brewer, 429 U.S. 471 (1972), the Supreme Court established that once a warrant is executed a liberty interest is created that must be protected by due process. In his case, Mr. Alli asserts that because his revocation hearing was not held until

November 15, 2004, it exceeded the ninety day time limit imposed by 18 U.S.C. § 4214(c). Without benefit of legal support, petitioner asserts, "Under strict construction as the law instructs, any hearing thereafter without proper process is unauthorized." (Pet. at 4.) He maintains that the National Appeals Board improperly shifted the burden to him when it stated that he had not demonstrated prejudice resulting from the short delay in receiving his revocation hearing. Mr. Alli sets forth that "[i]n canvassing the pertinent jurisprudence, there is no express requirement that in order to prevail on this claim there must be a showing of prejudice." (Pet. at 4.)

Although Mr. Alli never argued in his appeal that he was prejudiced by a delayed revocation hearing, he belatedly suggests in his petition that he may have suffered some prejudice. He now claims that if his revocation hearing were not delayed, he would have called a witness to testify that he had no involvement in some of the conduct that the commission utilized to arrive at the drug quantity; "[b]ut[,] due to prior engagements, the witness was unavailable to testify at the revocation hearing. Also, the anxiousness and anxiety of not knowing what the outcome would be was clearly traumatic and nerve wrecking [sic]." (Pet. at 5.)

In his second cause of action, Mr. Alli claims that his presumptive release date will exceed the total sentence imposed by the court in 1987. He argues that he was initially sentenced to 22 years in prison on September 23, 1987. Less than 8 years later, he was paroled on April 5, 1995. He declares that the 168 month violator term of imprisonment imposed by the USPC, when combined with the time he has already served, exceeds his original 22 year sentence. Without explanation or citation to case law to support his position, Mr. Alli states simply that "[t]he policy however, forbids such a sentence." (Pet. at 6.)

In his third claim before this court, Mr. Alli maintains that his full term expiration date is January 6, 2009, but that his projected satisfaction date, "that is the statutory release date by way of mandatory release[,] is December 26, 2007." (Pet. at 6.) He argues, however, that his release date should be even earlier because he is entitled to statutory good time, which "will result in his eligibility date for release as January 8, 2006." (Pet. at 6.) He takes issue with the fact that the respondents have failed to reflect this information in his presumptive release date.

In his final argument, Mr. Alli alleges that the Commission incorrectly applied the guidelines in determining his offense severity category. It is his position that "there is no credible evidence on record even by the mere preponderance of the evidence standard, which the commission's review standard is legally constrained by that supports this quantum leap from 1.8 kilograms of heroin as was discovered upon intervention at the Miami Airport on October 26, 1995, to the 6 kilograms or more determined." (Pet. at 9.) He complains that the Commission does not explain from where it garnered its information. He admits that his Presentence Report (PSR) set forth that he was accountable for 8 kilograms of heroin, but counters that "this issue was hotly debated at sentencing by Alli and his counsel. " (Pet. at 9.)

*28 U.S.C. § 2241*

A.    *Delay in Hearing Prejudicial*

A parolee is entitled to a revocation hearing "prior to the final decision on revocation by the parole authority." Morrissey,.408 U.S. at 487-88. This revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." Id. at 488. Habeas relief pursuant to constitutional due process protections recognized in Morrissey is only available where a petitioner establishes that the Commission's delay in holding a revocation

5

hearing was both unreasonable and prejudicial. See Goodman v. Keohane, 663 F.2d 1044, 1046 (11th Cir. 1981); Northington v. U.S. Parole Commission, 587 F.2d 2 (6th Cir. 1978); Smith v. United States, 577 F.2d 1025, 1029 (5th Cir. 1978).

Contrary to Mr. Alli's belief, it is his burden, first, to demonstrate that he was prejudiced by the delay between the time the warrant was executed and the time of his parole revocation hearing. There is no basis in law to support his argument that any delay requires habeas relief per se, or that it shifts the burden to respondent to show a lack of prejudice. Northington, 587 F.2d at 3 (twenty-four days delay petitioner experienced is not so lengthy that Per se prejudice may be inferred); United States ex rel. Hahn v. Revis, 520 F.2d 632, 639 (7th Cir. 1975); United States ex rel. Sims v. Sielaff, 419 F.Supp. 140, 142 (N.D.Ill.1976). There is no legal support for either requirement. See e.g. Sutherland v. McCall, 709 F.2d 730, 733 (D.C. Cir. 1983). Moreover, Mr. Alli's belated attempt to suggest to this court that the Commission's thirty day delay in holding his revocation hearing created a schedule conflict for a potential witness, clearly does not advance any notion that the Commission's actions prejudiced his defense. Notwithstanding the fact that he did not raise this issue in his appeal, Mr. Alli now fails to provide any explanation as to what event precluded the availability of his witness once the ninety day deadline passed. Therefore, even if the USPC denied Mr. Alli''s right to a timely parole revocation hearing, he has not demonstrated the prejudice necessary for habeas relief.

*B. Excessive Presumptive Release Date*

There is nothing in the record that indicates Mr. Alli explicitly raised the issue of an excessive presumptive release date in his appeal to the Board. Whether this is a consequence of the Board's failure to respond to an issue he did raise is not clear. Considering the fact that

the argument lacks merit on its face, it would be futile to dismiss it based solely on a failure to exhaust.

Mr. Alli was placed on special parole on April 5, 1995. After he was arrested in October of that year and it was determined that he violated a condition of release during his Special Parole Term, the regulations provide that he would "be subject to revocation on the Special Parole Term ... and subject to reparole or mandatory release under the Special Parole Term." 28 C.F.R. § 2.57(c).[2] The regulations further mandate that: "If parole is revoked ... the Commission shall also determine ... whether reparole is warranted or whether the prisoner should be continued for further review." 28 C.F.R. § 2.52(b). Here, reparole was considered warranted.

Petitioner argues that the Commission's determination that he serve 168 months before release on re-parole exceeds his original sentence of 22 years.[3] However, after his sentence was imposed on September 23, 1987 Mr. Alli was released on parole after serving seven and one half years of his sentence in prison. This provides that his subsequent violation could result in his reincarceration for up to fourteen and one half years. Therefore, the fourteen year period of reincarceration imposed by the Commission clearly does not cumulatively exceed Mr. Alli's original prison sentence.

---

[2] The Parole Commission issued the foregoing regulations pursuant to 18 U.S.C. § 4203(a)(1) (repealed). That subsection provides, in relevant part, that the Commission shall "promulgate rules and regulations establishing guidelines for the powers enumerated in subsection (b) of this section and such other rules and regulations as are necessary to carry out a national parole policy and the purposes of this chapter; ..."

[3] Although Mr. Alli does not reference any case law or statute, the court presumes he is referring to a provision in the regulations which set forth that, "in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence." 28 C.F.R. § 2.52(c)(2)(2005)

*C. Statutory Good Time Credits - Exhaustion Required*

With regard to his statutory good time credits, the Board noted in its review of Mr. Alli's appeal that this issue falls within the purview of the Bureau of Prisons (BOP). Therefore, the court is without jurisdiction to address this issue as it has not been properly exhausted. Guida v. Nelson, 603 F.2d 261 (2d Cir. 1979) (dismissal of petition, without prejudice, for failure to exhaust administrative remedies on the issues currently before the court necessary). Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 C.F.R. §§ 542.10-542.16 (2005); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir.1990), and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies. See United States v. Bayless, 940 F.2d 300, 304- 305 (8th Cir. 1991); United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989); United States v. Martinez, 837 F.2d 861, 865-866 (9th Cir. 1988). Thus, this claim is dismissed for failure to exhaust administrative remedies.

*D. Rational Basis for Commission's Conclusion*

A federal court's scope of review over a decision by the Parole Commission is extremely limited. The Sixth Circuit court has previously held that "the Parole Commission's substantive decision to grant or deny parole is an action 'committed to agency discretion' under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), and thus is insulated from judicial review." Hackett v. United States Parole Com'n, 851 F.2d 127, 129 (6th Cir. 1987)(quoting Farkas v. United States, 744 F.2d 37, 39 (6th Cir.1984)); see Brest v. Ciccone, 371 F.2d 981 (8th Cir.1967) (the Board is given absolute discretion on matters of parole). In this context, this court's review is only to determine whether a rational basis exists for the Commission's

8

conclusions, see Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993), and to consider whether the Commission acted within its statutory and regulatory authority. See Hackett, 851 F.2d at 130; Farkas, 744 F.2d at 39.  Thus, in contrast to Mr. Alli's declaration, this court's inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons.  See Hackett, 851 F.2d at 130.

Although Mr. Alli may not personally have had 8 kilograms of heroin in his possession at the time of his arrest, the guidelines permit the Commission to hold a participant of a conspiracy accountable for the concerted conduct of his co-conspirators. See 28 C.F.R. § 2.20 After reviewing his presentence report, the Commission determined that persons acting under Mr. Alli's direction were found in possession of 6.2 kilograms of heroin in Bangkok and 1.8 kilograms of heroin in Miami.  Based on these findings, the Commission concluded that a Category Eight rating was appropriate because Mr. Alli's offense involved more than 6 kilograms of heroin of unknown purity.  Under the applicable guidelines for heroin and opiate offenses, the regulations set forth that "[i]f extremely [an] large scale (e.g., involving 3 kilograms or more of 100% pure heroin, or equivalent amount)" is involved the Commission is to apply the grade as Category Eight.  See  20 C.F.R. § 2.2.0, Subchapter A.  Therefore, a rational basis exists in the record for the Commission's conclusions that Mr. Alli's offense severity should be rated as Category Eight, since his offense involved more than twice the quantity considered within an extremely large scale.  Here, the Commission acted within its statutory and regulatory authority.

Accordingly, petitioner's request for habeas relief is denied and this action is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice as to Mr. Alli's unexhausted

9

claims regarding statutory good time credit. The court certifies that an appeal from this decision could not be taken in good faith.[4]

       IT IS SO ORDERED.

                                         */s/Dan Aaron Polster 1/26/06*
                                         DAN AARON POLSTER
                                         UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."